# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **TRINA WILLIAMS JONES,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) Civil Action No. 5:09-cv-198-TBR |
| | ) |
| **CHRISTIAN COUNTY, KENTUCKY, et al.,** | ) |
| | ) |
| **Defendants** | ) **Electronically Filed** |

## ANSWER

Come the Defendants, Christian County, Kentucky, and Robert Schneider, individually and in his official capacity as an officer of the Christian County Sheriff's Department and for their Answer, state:

1. These Defendants admit numerical Paragraphs 1 and 2 of the Plaintiff's Complaint.

2. These Defendants admit so much of numerical Paragraph 3 as alleges the Defendant Robert Schneider was and still is employed as an officer at the Christian County Sheriff's Department; that he has certain authority as a deputy sheriff pursuant to the laws of the Commonwealth of Kentucky; at the times described in the Complaint, he was employed; that he appears that he has been sued in both his individual and official capacity but deny that at any time relevant hereto, he resided at 104 Metcalf Drive, Hopkinsville, Kentucky.

## II. JURIDICTION AND VENUE

3. These Defendants admit the Plaintiff is pursuing this action based upon 42 USC § 1983 as described in Paragraph 4 and various state law claims, and this Court has pendant jurisdiction as described in Paragraph 5 of the Complaint.

### III. FACTS

4. These Defendants admit so much of numerical Paragraph 6 of the Plaintiff's Complaint that alleges on or about November 21, 2008 Defendant, Robert Schneider and other officers of the Christian County Sheriff's Department went to the residence of the Plaintiff, following a "911 hang up call." These Defendants deny excessive force was utilized in subduing the Plaintiff's son and further, deny Plaintiff made any request regarding the level of force being utilized by the Defendant Robert Schneider, and specifically, and affirmatively state that the force used by Robert Schneider against the Plaintiff's intoxicated minor son was appropriate. These Defendants deny the Defendant Robert Schneider shoved the Plaintiff. These Defendants deny so much of Paragraph 6 of the Plaintiff's Complaint as alleges she did not interfere with the police officer and specifically states that she acted in an unruly and unlawful manner. These Defendants admit the actions of Deputy Schneider occurred while he was employed and on duty. These Defendants deny the allegation that Deputy Schneider was negligent, grossly negligent, malicious or reckless. These Defendants deny the Plaintiff sustained serious injury as a result of any act or omission of these Defendants. These Defendants deny there was any delay in the Plaintiff's medical treatment.

### IV. CAUSES OF ACTION

5. These Defendants admit it appears the Plaintiff is bringing an action for assault and battery, injuries and damages sustained by her, but deny any liability as a result of any claim(s) she makes.

6. These Defendants deny numerical Paragraph 8 of the Plaintiff's Complaint.

7. These Defendants admit that it appears the Plaintiff brings this action against Defendant Schneider in his individual and official capacity, but affirmatively state the Defendant, Robert Schneider's acts were neither negligent nor wrongful.

8. These Defendants deny numerical Paragraph 10 of the Plaintiff's Complaint.

9. These Defendants admit, pursuant to Paragraph 11 of the Plaintiff's Complaint, that it appears, this action is brought by the Plaintiff against Defendant Schneider individually and in his official capacity and that she alleges his acts were grossly negligent and reckless and further alleges that he used unnecessary and excessive force, but deny the acts of the Defendant Robert Schneider were grossly negligent or reckless and affirmatively state that the forced utilized was necessary and proportionate to the circumstances presented.

10. These Defendants deny numerical Paragraph 12 of the Plaintiff's Complaint.

11. These Defendants admit so much of numerical Paragraph 13 as alleges the Plaintiff is bringing this action under 42 USC § 1998 but deny the Defendant Robert Schneider's action deprived the Plaintiff any constitutional rights within the meaning of that statute.

12. These Defendants deny numerical Paragraph 14 and 15 of the Plaintiff's Complaint.

13. This Defendant admits that it appears the Plaintiff is attempting to bring a claim against the Defendant Robert Schneider individually and in his official capacity as alleging his interference with constitutional and statutory rights but deny the validity of the claims.

14. These Defendants deny numerical Paragraph 17 and 18 of the Plaintiff's Complaint.

15. These Defendants admit the Plaintiff is claiming the Defendant, Christian County, Kentucky, acted negligently, but specifically deny such claim or claims.

16. These Defendants deny numerical Paragraph 20, 21, 22, 23, 24, and 25 of the Plaintiff's Complaint.

17. These Defendants admit as alleged in numerical Paragraph 26 of the Plaintiff's Complaint that she is asserting a claim against Christian County, Kentucky for alleged deprivation of constitutional rights within the meaning of 42 USC § 1983 by the employee of the Sheriff's office Robert Schneider, but deny the Plaintiff is entitled to recover any thing from the Defendant Christian County, Kentucky pursuant to such claim.

18. These Defendants deny numerical Paragraph 27, 28 of the Plaintiff's Complaint.

19. These Defendants admit the Plaintiff attempts to bring the cause of action against the Defendant Christian County, Kentucky as described in numerical Paragraph 29 but deny Plaintiff has any right to recover under such a cause of action.

20. These Defendants deny numerical Paragraph 30 and 31 of the Plaintiff's Complaint.

21. Any claim or allegation not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

22. To the extent to any one or more of the Defendants herein, have not been properly served with process, these Defendants plead insufficiency of service of process.

23. Some or all of the claims made in the Plaintiff's Complaint may be barred by the applicable statute of limitations.

24. No act or omission of the individual defendants violated any clearly established rights of the Plaintiff under the laws or the Constitution of the United States or the Commonwealth of Kentucky, thus entitling the individual defendant to qualified and/or absolute immunity from suit.

25. The Defendant, Robert Schneider, in his official capacity, is a subdivision of the Commonwealth of Kentucky and thus entitled to sovereign immunity which is a bar to the Plaintiff's claim.

26. Plaintiff's injuries and damages, if any were solely caused by her act or omission.

27. At all time relevant hereto, the Defendant, Robert Schneider, individually, was acting in good faith in performing discretionary functions, thus entitling him to official immunity from suit in his individual capacity, with respect to any claims arising out of the laws of the Commonwealth of Kentucky.

28. The Complaint fails to state a claim against these Defendants upon which relief can be granted.

29. If the Plaintiff has been damaged as alleged, which is specifically denied, such damages are as a result of the intentional act of the Plaintiff, or others, over whom the Defendants have no authority or control.

30. If the Plaintiff has been damaged as alleged, which is specifically denied, she has, in whole, or in part, failed to mitigate her damages and, therefore should be barred from recovery.

31. At all times complained of herein, the Defendant, Robert Schneider, individually, was acting in his official capacity, in the course and scope of his employment and therefore was acting under privilege to engage in the conduct which occurred.

32. The Plaintiff's claim may be barred by the doctrines or intervening cause providing cause or superseding cause.

33. The Plaintiff's claims are barred by the doctrine of contributory/comparative negligence or, alternatively the negligence or intentional act of the Plaintiff, or the Plaintiff's minor son, which acts caused or contributed to the claims and alleged resulting injuries to the Plaintiff.

34. The Defendant, Christian County, Kentucky, is not by vicariously liable for the acts or omissions described in the Plaintiff's Complaint.

35. The Defendant Christian County is a subdivision of the Commonwealth of Kentucky and immune from suit.

36. These Defendants reserve the right to plead further herein, specifically reserve the right to amend this Answer and to assert any and all other affirmative defenses which the facts develop during discovery might reveal to be appropriate.

WHEREFORE, the Defendants demand:

(a) The Plaintiff's Complaint be dismissed and held for naught;

(b) Their costs and attorney fees herein expended;

(c) Trial by jury upon all issues so triable; and,

(d) Such other and further relief to which these Defendants may appear entitled.

This 12th day of January, 2010.

                            s/Harold M. Johns
                            12 Public Square
                            P.O. Box 746
                            Elkton, KY 42220
                            Telephone: 270-265-2912
                            Facsimile: 270-265-2054
                            Counsel for the Defendants
                            hmjohns@johnslawfirm.com
                            *Attorney for the Defendants*

                            J. Michael Foster
                            209 East Fourteenth Street
                            Hopkinsville, Kentucky 42241-0024
                            Telephone: (270) 887-4114)
                            Facsimile: (270) 886-3910
                            mfoster@hopkinsville.net
                            *Co-Counsel for the Defendants*

## CERTIFICATE OF SERVICE

On the 12th day of January, 2010 the undersigned filed this document through the ECF system, which will send a notice of electronic filing to:

Hon. Mark Nolan
Hon. Stephanie D. Ritchie
Batson, Nolan,
Pearson, Miller & Joiner
121 South Third Street
Clarksville, TN 37040
*Attorney for the Plaintiff*

s/<u>Harold M. Johns</u>